IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHARLES ANTHONY DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-015 |
| | ) | (Formerly CR 110-041) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 9.) Although nothing in Petitioner's objections undermines the Magistrate Judge's recommendation, the Court will briefly address one of Petitioner's objections. Petitioner argues the Magistrate Judge erred by finding *coram nobis* relief is unavailable to a person who is still in custody, such as Petitioner, because the Supreme Court has held *coram nobis* relief is available despite the availability of 28 U.S.C. § 2255. (Doc. no. 9, p. 1 (citing United States v. Morgan, 346 U.S. 502, 510-13 (1954).) However, the Supreme Court has more recently clarified "[a] petitioner for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." Chaidez v. United States, 568 U.S. 342, 345 n.1 (2013) (citing Morgan, 346 U.S. at 507, 510-11). Thus, as the Magistrate Judge found, Petitioner is not entitled to *coram nobis* relief because he is still in custody.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate

Judge as its opinion, **OVERRULES** Petitioner's objections, (doc. no. 9), **DENIES AS MOOT** Petitioner's motion to appoint counsel, motion for leave to proceed *in forma pauperis*, and Respondent's motion to dismiss, (doc. nos. 3, 4, 6), and **DISMISSES** Petitioner's motion filed pursuant to 28 U.S.C. § 2255.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 5th day of March, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.