IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CR 110-041 |
| | * |
| CHARLES ANTHONY DAVIS | * |

O R D E R

Defendant Charles Anthony Davis seeks relief under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion. Upon due consideration, the Court dismisses Davis's motion as premature for failure to exhaust administrative remedies.

As an initial matter, Davis speaks in alternative terms of releasing him to home confinement. However, designation of an inmate's place of confinement is within the absolute discretion of the Bureau of Prisons ("BOP"). E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted).) Accordingly, the Court has no authority to direct that Davis's remaining sentence be served on home confinement.

On the other hand, the compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, Davis filed a request for home confinement under the CARES Act[1] on April 15, 2020. The BOP, however, has a different administrative process for requests to reduce sentence based upon compassionate release. Davis has not demonstrated that he complied with this process and therefore, he has not exhausted his administrative remedies as required prior to seeking relief in the district court.

The mandatory exhaustion language of the statute essentially gives the BOP at least thirty days to consider any request for compassionate release. See Ross v. Blake, --- U.S. ---, 136 S. Ct. 1850, 1856 (2016) (finding that courts cannot ignore the

---

[1] The CARES Act refers to the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, enacted on March 27, 2020.

2

mandatory language of the Prison Litigation Reform Act's exhaustion statute even to accommodate special circumstances). This waiting period is appropriate because the BOP is better positioned to assess an individual inmate's present circumstances. In the context of the COVID-19 pandemic, where the BOP has implemented policies and proactive measures to protect the health and safety of its prisons' populations,[2] and where the Attorney General has directed the BOP to "immediately maximize appropriate transfers to home confinement . . . where COVID-19 is materially affecting operations,"[3] the expertise and informed assessment of the BOP should not be heedlessly omitted from the process. Accord United States v. Raia, Case No. 20-1033 (3d Cir. Jan. 3, 2020), Am. Opinion of Apr. 8, 2020, Doc. 25, at 8 (stating that "[g]iven BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added – and critical – importance" in connection with the COVID-19 pandemic). Accordingly, the Court

---

[2]   (See generally Gov't Resp. in Opp'n, Doc. 101, at 6-10 and sources cited therein.)

[3]   Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Apr. 3, 2020, *available at* https://www.justice.gov/file/1266661/download (last visited Jul. 17, 2020). See also Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Mar. 26, 2020, *available at* https://www.justice.gov/file/1262731/download (last visited Jul. 17, 2020) ("I am hereby directing you to prioritize the use of your various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic.").

will not consider Davis's motion for compassionate release at this time.

The Court notes the Government's concession that Davis meets the criteria of Application Note 1(A)(ii)(I) of U.S.S.G. § 1B1.13, the policy statement of the Sentencing Commission in the implementation of compassionate release provision, in that under the circumstances of the COVID-19 pandemic, his medical condition qualifies as serious.

Upon the foregoing, the Clerk is directed to **TERMINATE** Defendant Charles Anthony Davis's motion for compassionate release (doc. 100) without prejudice for Davis to refile after he has exhausted his administrative remedies with respect to the COVID-19 pandemic.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of July, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA